UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| **J & J SPORTS PRODUCTIONS, INC.,** | Case No. |
| **Plaintiff,** | _____ |
| **vs.** | |
| **FLAME BAR & GRILL, LLC and RAIFORD C. DUNBAR, JR.,** | |
| **Defendants.** | |

## COMPLAINT FOR DAMAGES

## DESIGNATION:  PROPERTY RIGHTS

## JURISDICTION

1.      Plaintiff seeks relief for the Defendants' violations of the Communications Act of 1934, as amended, Title 47 U.S.C. Section 605, et seq., and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S.C. Section 553, et seq.

2.      This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States.

3.      This Court has personal jurisdiction over the parties in this action as a result of the

Defendants' wrongful acts hereinafter complained of which violated the Plaintiff's rights

as the exclusive commercial domestic distributor of the televised fight program

hereinafter set forth at length.   The Defendants' wrongful acts consisted of the

interception, publication, and tortious conversion of said property of Plaintiff within the

control of the Plaintiff in the State of Georgia.

## VENUE

4.      Pursuant to Title 47 U.S.C. Section 605, venue is proper in the Southern District of

Georgia, Augusta Division, because a substantial part of the events or omissions giving

rise to the claim occurred in this District.

## THE PARTIES

5.      The Plaintiff, J & J Sports Productions, Inc. is, and at all relevant times mentioned

was a California corporation with its principal place of business located at 2380 South

Bascom Avenue, Suite 200, Campbell, CA 95008.

6.      Defendant Flame Bar & Grill, LLC is a Georgia limited liability company with its

principal place of business located at 830 Broad Street, Augusta, GA 30901 and does

business as Flames Bar & Grill operating at 830 Broad Street, Augusta, GA 30901.

Defendant Flame Bar & Grill, LLC is subject to the venue and jurisdiction of this court.

7.      Upon information and belief, in May 2015 Defendant Raiford C. Dunbar, Jr. was the controlling manager and/or owner of the commercial establishment doing business as Flames Bar & Grill operating at 830 Broad Street, Augusta, GA 30901.   Defendant Dunbar is subject to the venue and jurisdiction of this Court.

## COUNT I

### (Violation of Title 47 U.S.C. Section 605)

8.      Plaintiff had the exclusive nationwide television distribution rights to *"The Fight of the Century" Floyd Mayweather, Jr. v. Manny Pacquiao – Championship Fight Program* which took place on May 2, 2015 (this included all under-card bouts and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the "Program").

9.      Plaintiff entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of Georgia, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the Program to the patrons within their respective establishments (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.)

10.      As a commercial distributor of sporting events, including the Program, Plaintiff expended substantial monies marketing, advertising, promoting, administering, and

transmitting the Program to its customers, the aforementioned commercial entities.

11.     Defendants Flame Bar & Grill, LLC and Raiford C. Dunbar, Jr. did not contract with the Plaintiff or pay the necessary sublicense fee required to obtain the Program for their commercial establishment.  Therefore, they did not have any authorization to show the Program.

12.     On May 2, 2015 the Program was shown at Flames Bar & Grill located at 830 Broad Street, Augusta, GA 30901.

13.     Defendants Flame Bar & Grill, LLC and Raiford C. Dunbar, Jr. unlawfully showed the Program at Flames Bar & Grill on the night of May 2, 2015 with full knowledge that the Program was not to be intercepted, received and exhibited by them because they did not have authorization.

14.     Defendant Raiford C. Dunbar, Jr., as a controlling manager and/or owner of Flames Bar & Grill in May 2015, had the right and ability to supervise the display of the Program at Flames Bar & Grill.

15.     The unauthorized interception, publication, exhibition and divulgence of the Program was done willfully since Defendants Flame Bar & Grill, LLC and Raiford C.

Dunbar, Jr. used a deliberate act to receive the Event which was unauthorized and it was done for purposes of commercial advantage and private financial gain.

16.    Defendant Raiford C. Dunbar, Jr., as controlling manager and/or owner of Flames Bar & Grill, had a strong financial interest in intercepting and exhibiting Plaintiff's Program on May 2, 2015.

17.    Title 47 U.S.C. Section 605, et seq., prohibits the unauthorized publication or use of communications (such as the transmission for which Plaintiff had the distribution rights thereto) and prohibits individuals from assisting in the unauthorized publication or use of such communications.

18.    By reason of the aforesaid mentioned conduct, Defendants Flame Bar & Grill, LLC and Raiford C. Dunbar, Jr. violated Title 47 U.S.C. Section 605, et seq. since they were not authorized to show the Program at Flames Bar & Grill.

19.    By reason of the Defendants' violation of Title 47 U.S.C. Section 605, et seq., Plaintiff has a private right of action.

20.    As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 605 Plaintiff is entitled to the following from Defendants:

(a)     Statutory damages for each violation in an amount up to $10,000.00

pursuant to Title 47 U.S.C. 605(e)(3)(C)(i)(II), and also

(b)     Statutory damages for each willful violation in an amount up to

$100,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(ii), and also

(c)     Recovery of full costs, including reasonable attorneys' fees, pursuant

to Title 47 U.S.C. Section 605(e)(3)(B)(iii).


**WHEREFORE, Plaintiff prays for judgment as set forth below.**


## COUNT II

**(Violation of Title 47 U.S.C. Section 553)**


21.     Title 47 U.S.C. Section 553 et seq. prohibits the unauthorized interception, exhibition, publication, and divulgence of any communications service offered over a cable system.


22.     As previously stated, Plaintiff J & J Sports Productions, Inc. was granted the exclusive nationwide television distribution rights to the Program which took place on May 2, 2015.  The Program was only allowed to be exhibited in those commercial establishments which entered into a sublicensing agreement with Plaintiff and paid the required fee.

23.     Defendants Flame Bar & Grill, LLC and Raiford C. Dunbar, Jr. ran, managed and exercised control over Flames Bar & Grill in May 2015.

24.     Plaintiff has no record of Defendant Flame Bar & Grill, LLC and/or Raiford C. Dunbar, Jr. ever entering into a sublicensing agreement with Plaintiff J & J Sports Productions, Inc. or paying the required fee for the Program to be shown at Flames Bar & Grill on May 2, 2015.

25.     Defendants Flame Bar & Grill, LLC and Raiford C. Dunbar, Jr. used unlawful means to receive the cable signal required to exhibit the Program.

26.     Defendant Raiford C. Dunbar, Jr. had the right and ability to supervise the infringement of Plaintiff's Program at Flames Bar & Grill.

27.     Defendant Raiford C. Dunbar, Jr. also had a strong financial interest in the interception and exhibition of the Program at Flames Bar & Grill.

28.     Because Defendants were not given authorization to show the Program at Flames Bar & Grill on May 2, 2015, the aforementioned defendants violated Title 47 U.S.C. Section 553, et seq.

29.     By reason of the Defendants' violation of Title 47 U.S.C. Section 553, et seq.,

Plaintiff has a private right of action.

29.     As the result of the Defendants' violation of Title 47 U.S.C. Section 553, Plaintiff

is entitled to the following from defendants:

(a)     Statutory damages for each violation in an amount up to $10,000.00

pursuant to Title 47 U.S.C. 553 (c)(3)(A)(ii), and also

(b)     Statutory damages for each willful violation in an amount up to $50,000.00

pursuant Title 47 U.S.C. 553(c)(3)(B), and also

(c)     the recovery of full costs pursuant to Title 47 U.S.C. Section 553

(c)(2)(C), and also

(d)     in the discretion of this Honorable Court, reasonable attorneys fees,

pursuant to Title 47 U.S.C. Section 553 (c)(2)(C).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

**As to the First Count:**

1.      For statutory damages in the amount of $10,000.00 against Defendants,

and;

2.      Enhanced damages up to $100,000.00 against Defendants, and;

3.      For reasonable attorneys' fees pursuant to statute, and;

4.      For all costs of suit, including but not limited to filing fees, service of
        process fees, investigative costs, and;

5.      For such other and further relief as this Honorable Court may deem just and
        proper.

**As to the Second Count:**

1.      For statutory damages in the amount of $10,000.00 against Defendants,
        and;

2.      Enhanced damages up to $50,000.00 against Defendants and;

3.      For reasonable attorneys' fees as may be awarded in the Court's discretion
        pursuant to statute, and;

4.      For all costs of suit, including but not limited to filing fees, service of
        process fees, investigative costs, and;

5.      For such other and further relief as this Honorable Court may deem just and
        proper.

This the 29th day of March, 2018.

                                        Respectfully submitted,

                                        **RAGSDALE, BEALS, SEIGLER,
                                        PATTERSON & GRAY, LLP**

                                        By:   /s/ Ronald D. Reemsnyder
                                        Ronald D. Reemsnyder, Esquire
                                        Georgia Bar No. 597950

135 Prominence Court, Suite 160
Dawsonville, GA 30534
Ph:  (706) 216-1272
Fax:(706) 216-1278
Email: rreemsnyder@rbspg.com

Attorney for Plaintiff
J & J Sports Productions, Inc.