IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
J & J SPORTS PRODUCTIONS, INC.,    *
                                   *
     Plaintiff,                    *
                                   *
     v.                            *    CV 118-061
                                   *
FLAME BAR & GRILL, LLC and         *
RAIFORD C. DUNBAR, JR.,            *
                                   *
     Defendants.                   *
                                   *
                                   *
```

## O R D E R

Defendant Raiford Dunbar Jr. ("Dunbar") showed a boxing match at Defendant Flame Bar & Grill, LLC ("Flame Bar") (collectively, "Defendants") on May 2, 2015, without first obtaining the permission of J & J Sports Productions, Inc. ("Plaintiff"). In response, Plaintiff filed this lawsuit on March 29, 2018,[1] alleging violations of federal law and requesting $110,000 in damages. Defendants have not appeared, the Clerk entered an entry of default on May 1, 2018 (Doc. 10), and Plaintiff now seeks a default judgment. Plaintiff's motion (Doc. 11) is **GRANTED IN PART** and **DENIED IN PART**.

---

[1] Plaintiff filed the action within the statute of limitations. See DirecTV, Inc. v. Wright, 350 F. Supp. 2d 1048, 1055 (N.D. Ga. 2004) (finding statute of limitations for federal cause of action under 47 U.S.C. §§ 553, 605 is four years because sections parallel state cause of action under O.C.G.A. § 46-5-2 (2012), which has a four-year statute of limitations); see also O.C.G.A. § 9-3-31 (2007) ("Actions for injuries to personalty shall be brought within four years after the right of action accrues.").

## I. Background

Plaintiff is "a commercial distributor of sporting events." (Compl., Doc. 1, ¶ 10.) As such, it held the "exclusive nationwide television distribution rights to 'The Fight of the Century' Floyd Mayweather, Jr. v. Manny Pacquiao" (the "Program") on May 2, 2015. (Id. ¶ 8.) Businesses could not show the Program without purchasing the rights to do so from Plaintiff. (See id. ¶¶ 9-11.) Defendants did not purchase those rights. (Mot. for Default J., Doc. 11., ¶ 4.)

Plaintiff alleges that, in May of 2015, Dunbar was "a controlling manager and/or owner" of Flame Bar, located at 830 Broad Street, Augusta, Georgia. (Compl., ¶¶ 12, 14.) On the night of the Program, Plaintiff sent an investigator to Flame Bar. (See Investigator Aff., Doc. 11-2, at 14-15.) To enter the bar, the investigator paid a ten-dollar cover charge. (Id. at 14.) While inside the bar, the investigator witnessed the Program playing on six to nine televisions.[2] (Id.) According to the investigator, Flame Bar "had about 400 people in that club." (Id. at 15.) Flame Bar also advertised the event on social media. (Advertisement at 17.) The advertisement contained the following offers: "SHOWING FIGHT ON ALL 18 FLAT SCREEN TV'S," "BOOK YOUR VIP SECTION & TABLES," and "$2 DRINKS & $2 BEERS." (Id.)

---

[2] According to Flame Bar's advertisement, it planned to show the Program on all eighteen of its televisions. (Advertisement, Doc. 11-2, at 17.)

2

Because Defendants were not authorized to show the Program, Plaintiff filed this lawsuit asserting claims under 47 U.S.C. §§ 553 and 605. Plaintiff served Defendants, but neither has appeared in this action nor responded to the complaint. (See Doc. 9.) Plaintiff moved for the Clerk's entry of default, which the Clerk entered on May 1, 2018. (Docs. 9, 10.) Plaintiff now moves for default judgment.

## II. Discussion

Under Federal Rule of Civil Procedure 55, a court may enter default judgment against a defendant when: (1) both subject matter and personal jurisdiction exist, (2) the allegations in the complaint state a claim against the defendant, and (3) the plaintiff shows the damages to which it is entitled. See Pitts ex rel. Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d 1353, 1356-58 (S.D. Ga. 2004).

"[A] defendant's default does not in itself warrant the court in entering a default judgment." Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). Default judgment is warranted only "when there is a sufficient basis in the pleadings for the judgment entered." Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1245 (11th Cir. 2015) (citation and internal quotation marks omitted). And although a "defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact,

3

he is not held to admit facts that are not well-pleaded or to admit conclusions of law." Id. (citation omitted).

## A. Jurisdiction

Before entering default judgment, a court must ensure that it has subject matter jurisdiction over the case and personal jurisdiction over the defendants. Here, the Court has both. Because Plaintiff's claims arise under federal law, the Court has federal question jurisdiction under 28 U.S.C. § 1331. Flame Bar has its principal place of business in Augusta, Georgia. (Compl. ¶ 6.) Dunbar is the owner of Flame Bar and resides in Hephzibah, Georgia. (Id. ¶ 7; Investigator Aff. at 15.) Thus, the Court has personal jurisdiction over Defendants.

## B. Liability

Plaintiff asserts claims under 47 U.S.C. §§ 553 and 605, which prohibit the interception of cable and satellite programming. Although the Eleventh Circuit has not yet addressed the issue, other courts, including district courts in the Eleventh Circuit, have concluded plaintiffs may not recover under both sections 605 and 553 for the same conduct. TKR Cable Co. v. Cable City Corp., 267 F.3d 196, 207 (3d Cir. 2001); United States v. Norris, 88 F.3d 462, 469 (7th Cir. 1996); J & J Sports Prods., Inc. v. WB-Diversified Auto Servs., Inc., No. 1:15-cv-2171-WSD, 2016 WL 264935, at *2 (N.D. Ga. Jan. 21, 2016). Rather, according to these courts, "[s]ection 605 prohibits commercial establishments from intercepting and broadcasting satellite programming, while

4

[s]ection 553 addresses interceptions that occur through a cable network." WB-Diversified, 2016 WL 269435, at *2 (citation omitted). Like those courts, this Court concludes a plaintiff may not recover under both statutes.

Plaintiff does not specify in its complaint whether Defendants obtained and showed the Program through cable or satellite transmission. However, because the elements of a claim under sections 605 and 553 are the same, the Court will "not fault [] Plaintiff for failing to plead the particular manner of interception since this may be exclusively in Defendant['s] knowledge." Id. at *3 (alterations in original) (citation omitted).

To succeed on a claim under either statute, a plaintiff must show the defendant: (1) "intercepted the program," (2) "did not pay for the right to receive the transmission," and (3) "displayed the program to patrons of [its] establishment." J & J Sports Prods., Inc. v. Just Fam, LLC, No. 1:09-cv-03072-JOF, 2010 WL 2640078, at *2 (N.D. Ga. June 28, 2010) (citation omitted). To hold an owner or officer of a venue liable, a plaintiff must show the owner or officer had a "right and ability to supervise the violations, and that he had a strong financial interest in such activities." Joe Hand Promotions, Inc. v. Blanchard, No. 409CV100, 2010 WL 1838067, at *3 (S.D. Ga. May 3, 2010)(citation omitted). If a plaintiff establishes both a valid claim and the owner's liability, the court can hold the corporate defendant and

5

individual owner jointly and severally liable. See <u>Kingvision Pay-Per-View Corp., Ltd. v. El Torito Supermarket, Inc.</u>, No. 6:06-cv-657-Orl-18KRS, 2007 WL 1794158, at *3 (M.D. Fla. June 19, 2007) ("It appears that joint and several liability is available for violations of the Communications Act."); <u>see also</u> <u>Cable/Home Commc'n Corp. v. Network Prods., Inc.</u>, 902 F.2d 829, 852 (11th Cir. 1990) (affirmed award of joint and several damages between corporate and individual defendants).

Plaintiff established both a valid claim and Dunbar's liability as owner. First, Plaintiff established a valid claim by showing: (1) the Program "cannot be mistakenly, innocently[,] or accidentally intercepted" (Gagliardi Aff., Doc. 11-2, at 28, ¶ 9); (2) Defendants "did not contract with the Plaintiff or pay the necessary sublicense fee required" to televise the Program (Compl. ¶ 11); and (3) Defendants showed the Program (<u>id.</u> ¶ 12). Second, Plaintiff established Dunbar's liability because, by virtue of the default, Dunbar admits: (1) he had supervisory control over Flame Bar (Compl. ¶¶ 7, 14) and (2) he received financial benefit from it (<u>id.</u> ¶ 16). Therefore, Defendants are jointly and severally liable for any damages awarded.

## C. Damages

Even with a default judgment, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters." <u>Anheuser-Busch, Inc. v. Philpot</u>, 317 F.3d 1264, 1266 (11th Cir. 2003). But a court need not conduct an evidentiary

6

hearing when "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1); see SEC v. Smyth, 420 F.3d 1225, 1231 (11th Cir. 2005).

Both sections 605 and 553 allow plaintiffs to pursue either actual damages or statutory damages. Plaintiff elects statutory damages. (Mem. in Supp. of Mot. for Default J., Doc. 11-2, at 5.) For statutory damages under section 605, a court may award between $1,000 and $10,000 for each violation. 47 U.S.C. § 605(e)(3)(C)(i)(II). If a "court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain," a court may award up to an additional $100,000 in enhanced damages. Id. § 605(e)(3)(C)(ii). Under section 553, a court may award between $250 and $10,000 in statutory damages for each violation, id. § 553(c)(3)(A)(ii), and up to $50,000 in enhanced damages, id. § 553(c)(3)(B). Plaintiff asks the Court to award a total of $110,000 in statutory and enhanced damages. (Mot. for Default J. ¶ 5.)

### 1. Statutory Damages

Courts in this circuit, including this Court, "have ordered defendants to pay, as statutory damages, the amount of the license fee that they would have been charged if they had actually been authorized to show the program." Joe Hand Promotions, Inc. v. Flynt, No. 6:15-cv-56, 2016 WL 93861, at *3 (S.D. Ga. Jan. 7, 2016) (quoting Blanchard, 2010 WL 1838067, at *3). Plaintiff determines

7

the rate a venue must pay to show a particular program based on the venue's capacity. (Rate Card, Doc. 11-2, Ex. 1.) Thus, for the Court to determine the proper damages amount, Plaintiff must allege or otherwise indicate Flame Bar's capacity. Blanchard, 2010 WL 1838067, at *3 (citation omitted) (court could only apply the minimum statutory damages amount because plaintiff did "not allege[] or otherwise indicate[] the [defendant's] maximum occupancy").

Plaintiff's investigator fails to state Flame Bar's capacity expressly; the investigator only states "they had about 400 people in that club." Nonetheless, the Court finds the investigator's statement enough to "otherwise indicate" Flame Bar's capacity as 400. With a capacity of 400, Defendants should have paid $12,000 to show the Program, which is more than the $10,000 maximum under the statutes. The Court, therefore, awards Plaintiff $10,000.

### 2. Enhanced Damages

Plaintiff also seeks $100,000 in enhanced damages because, Plaintiff contends, Defendants willfully committed the violation. A court, in its discretion, may award enhanced damages when the violation was "committed willfully and for purposes of direct or indirect commercial advantage or private financial gain." 47 U.S.C §§ 605(e)(3)(C)(ii), 553(c)(3)(B). Willful conduct is "conduct showing disregard for the governing statute and an indifference to its requirements." Cable/Home, 902 F.2d at 851 (citation and internal quotation marks omitted). To determine whether a

8

defendant acted willfully, many courts examine willfulness factors such as "the number of televisions broadcasting the event, the existence of a cover charge, sale of food or drink, advertisement of the event in the defendants' bar, and a demonstration that the defendants made more money or conducted additional business by illegally broadcasting the event." Flynt, 2016 WL 93861, at *3 (citation omitted).

If there is a willful violation, determining the amount of the enhancement is left to the discretion of the court. In some cases, courts find it appropriate to enhance the award by three times the statutory award. See Blanchard, 2010 WL 1838067, at *4-5 (awarded $1,000 in statutory damages and three times that for enhanced damages; $4,000 total damages). In other cases, courts choose a flat enhancement rate not based on the statutory amount. See Kingvision Pay-Per-View, Ltd., v. Rodriguez, No. 02 Civ. 7972(SHS), 2003 WL 548891, at *2 (S.D.N.Y. Feb. 25, 2003) ("enhancement of $1,000 for willfulness"). Regardless of a court's chosen equation, the court should "consider the deterrent effect of the award, with an eye toward imposing an award that is substantial enough to discourage future lawless conduct, but not so severe that it seriously impairs the viability of the defendant's business." J & J Sports Prods., Inc. v. McCausland, No. 1:10-cv-01564-TWP-DML, 2012 WL 113786, at *4 (S.D. Ind. Jan. 13, 2010) (citation omitted); see also Cable/Home, 902 F.2d at 852 ("[D]istrict court should consider both the willfulness of the

9

defendant's conduct and the deterrent value of the sanction imposed.").

Here, Defendants' violation was willful. Defendants televised the Program on six to eighteen televisions, charged a ten-dollar cover, offered discounted drinks, and advertised the event on Flame Bar's social media account. The only factor Plaintiff fails to show is that Defendants' profits increased because of the Program; however, Plaintiff has at least shown Flame Bar "was packed." (Investigator Aff. at 15.) Plaintiff has shown that Defendants' violation was willful; thus, enhanced damages are appropriate.

Turning to the amount of enhanced damages, the Court finds Plaintiff's requested $100,000 would overcompensate Plaintiff. The Court also finds awarding an additional $30,000 — three times the statutory amount awarded — would overcompensate Plaintiff. The Court notes the statutory amount awarded is $2,000 less than the cost Defendants would have had to pay for the Program. Taking that discrepancy into account and recognizing that Defendants meet most of the willfulness factors examined, the Court awards an additional $10,000 in enhanced damages.

**D. Attorneys' Fees**

Plaintiff also requests attorneys' fees under sections 553(c)(2)(C) and 605(e)(B)(iii). According to an invoice submitted by Plaintiff's counsel, two attorneys spent 4.50

10

combined hours working on this case, totaling $1,200 in fees. (Mot. for Default J. at 5-6.)

Courts rely on, among other things, the "going rate" in the legal community when deciding what constitutes a reasonable amount of attorney's fees. Martin v. Univ. of S. Ala., 911 F.2d 604, 609 (11th Cir. 1990). The "legal community" for purposes of deciding what fees are reasonable is the district in which the court sits. Knight v. Alabama, 824 F. Supp. 1022, 1027 n.1 (N.D. Ala. 1993). The Court recently set the going rate in this district at $300 an hour. See Plumbers and Steamfitters Local No. 150 v. Rice, CV 115-200, Doc. 37 (S.D. Ga. Mar. 22, 2017). Plaintiff's counsels' billable rates ranged from $200 an hour to $300 an hour. (Mot. for Default J. at 5-6.) Because the attorneys' hourly rates are reasonable, the Court finds the requested amount of $1,200 is appropriate.

### III. Conclusion

The Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion for default judgment. (Doc. 11.) The Court **GRANTS** the motion with respect to liability, damages, and fees in the amount of $21,200.[3] The Court **DENIES** the motion for amounts above $21,200. The Clerk is instructed to **ENTER JUDGMENT** in favor of Plaintiff

---

[3] $10,000 in statutory damages, $10,000 in enhanced damages, and $1,200 for Plaintiff's attorneys' fees.

11

and against Defendants, jointly and severally, in the amount of $21,200 and to **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia this 24th day of October, 2018.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA